IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kemo D. Whirl (B-55932), | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 C 0926 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| | ) |
| Wexford Health Sources Inc., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The court provides the below statement in response to a letter dated September 28, 2017, from the Business Administrator at Centralia Correctional Center (a non-party) regarding the court's order of August 14, 2017 [58]. The Clerk of Court is directed to attach the letter to this order.

## STATEMENT

Non-party prison official Nancy Stanfa (the Business Administrator at Centralia Correctional Center), seeks clarification regarding the court's order of August 14, 2017, in *Whirl v. Tuell*, 17 C 0926 (Reinhard, J.) [58], regarding statutory payments from plaintiff Kemo Whirl's trust fund account for the cases listed in that order. [58] at 5. In particular, Ms. Stanfa inquires as to the meaning of a portion of the court's order notifying the trust fund official at plaintiff's current place of incarceration of a statutory requirement to "forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10.00 until [plaintiff's] filing fees are paid in full." *See* [58] at 5.

Ms. Stanfa indicates that prison officials understand the foregoing fragment to direct that (1) prison officials "are not to take the inmates' [sic] trust fund below $10.00 when collecting court fess [sic], this $10.00 reserve would be available to the inmate so that he had the opportunity to purchase products necessary to maintain his personal hygiene"; (2) "[a]ny money spent by the inmate during the month would count toward the $10.00 reserved for personal hygiene care, and there would be no carryover of unspent funs [sic] for the purpose of increasing the reserve for hygiene products for the following month"; (3) "the collection of the court order would take precedence over other requests for payment from the Inmate's Trust Fund account"; and (4) prison officials "are not to forward payments to the Court until [they] have collected at least $10.00 to apply against [plaintiff's] court ordered fee."

The above fragment from the court's order of August 14, 2017, was taken out of context. The Prison Litigation Reform Act (PLRA) requires that all prisoners pay the full filing fee for federal civil actions they initiate. 28 U.S.C. § 1915(a)(2). As set forth in the court's order, the PLRA requires the inmate to make ongoing payments of "<u>20% of the preceding month's income credited to the inmate's account</u>," which should be forwarded "to the clerk of court <u>each time the amount in the account exceeds $10</u> until the filing fees are paid." 28 U.S.C. § 1915(b)(2) (emphases added).

The Supreme Court has explained that, "to complete payment of the filing fee, prisoners must pay, in monthly installments, '20 percent of the preceding month's income credited to the prisoner's account,'" *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016) (citing § 1915(b)(2)), "simultaneously for each action pursued." *Id*. at 632 (rejecting inmate's argument "that the per-case approach could leave a prisoner without money for amenities"). However, "no monthly installments are required unless the prisoner has more than $10 in his account." *Id*. (citing § 1915(b)(2)).

The Centralia Correctional Center is responsible for ensuring that fees are collected from plaintiff's trust fund account in accordance with the statutory language quoted above and the court's order regarding installment payments. The basis for the multiple glosses that Ms. Stanfa has placed on that language is unclear, but the court cannot dictate the minutiae leading to the submission of statutorily required monies from an inmate's trust fund account. If she requires further guidance, she should consult agency counsel.

Date: 10/06/2017          ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Notices Mailed by Judicial Staff. (LC)